# Richmond.

## DISMAL SWAMP LAND CO. v. MACAULEY'S ADM'R.

### June 4th, 1888.

1. CHANCERY PRACTICE—*Reinstatement—Loss of papers.*—Cause on docket
   of circuit court at its last session before the war. All records of that
   court destroyed during the war except such as are in the attorney's
   hands. In 1881 the cause was not on docket, it not appearing that it
   had been legally removed. On motion it was reinstated;
HELD:
      No error.
2. IDEM—*Laches—Case at bar.*—Bill for profits of dower filed in 1829, and
   pending in 1859, was not prosecuted until 1881, with no excuse on record
   for such failure. The evidence showing that any decision must be con-
   jectural, and the danger of injustice being almost certain, the original
   transactions being obscured by time, and evidence having been proba-
   bly lost.
HELD:
      The bill should be dismissed.

Appeal from three decrees of circuit court of James City
county, and of city of Williamsburg, rendered, respectively,
December 16th, 1881, November 9th, 1882, and March 9th,
1886, in a chancery cause wherein Elizabeth Macauley's admin-
istrator, Robert A. Bright, was complainant, and Thomas Griffin,
Thomas Nelson, and the Dismal Swamp Land Company, were
defendants. The bill was for rents and profits as dower by
Elizabeth Macauley, filed in November, 1829. She having died
in 1830, and her executor, Robert Anderson, prosecuted the suit,
and in 1833 filed an amended bill. In 1844 a decree for an

account was entered. Testimony was taken by the master, who filed a report in October, 1844. The report was recommitted. The master died. Another commissioner was appointed. He made no report. The executor died in 1859. Nothing further was done until 1881. The records of the court were destroyed during the war, save papers in hands of counsel. In 1881 Robert A. Bright, administrator *de bonis non* of Elizabeth Macauley, had the cause reinstated upon the docket, from which it had been dropped for some cause not appearing from the record. On November 9th, 1882, a master was directed to settle the accounts, as ordered by a former decree. His report, filed in May, 1884, was excepted to by the defendants. The exceptions were overruled. By the decree of March 9th, 1886, the defendants were ordered to pay the plaintiff the sum of $19,600.09, with interest on $12,676.80 from February 1st, 1830. From these three decrees the defendants appeal to this court. Opinion states the case.

*Walke & Old, Wm. J. Robertson,* and *George McIntosh,* for the appellants.

A court of equity will not lend its aid in matters of account, though not barred by the statute of limitations, after a considerable lapse of time, from considerations of public policy. 1 Barb. Ch. Pr. p. 90, § 23; *Hatcher* v. *Hall,* 77 Va. 573; *Updike* v. *Lane,* 78 Va. 132; *Cole* v. *Ballard,* Id. 139; *Morrison* v. *Householder,* 79 Va. 627; *Caruther* v. *Lexington,* 12 Leigh, 610. Interest should not have been allowed. 2 Daniell, Ch. Pr. (Ed. 1871) 1166; Fonbl. Eq. 22, 23; 1 Bright, Husb. & W. 428, pl. 22; 2 Scrib. Dower, 692–694; *Tew* v. *Winterton,* 3 Brown Ch. 489; *Roper* v. *Wren,* 6 Leigh, 38; *Eppes* v. *Cole,* 4 Hen. & M. 161; *Skipwith* v. *Clinch,* 2 Call. 253; *Cooke* v. *Wise,* and *Newton* v. *Wilson,* 3 Hen. & M. 463–501; *Dow* v. *Adams,* 5 Munf. 21. The suit should not have been revived. Code Va. 1873, ch. 169, § 8, p. 1102; Id. §§ 4, 7; *Crawford* v. *Patterson,* 11 Gratt. 364.

*R. T. Armistead, J. A. Cabell,* and *O. G. Kean,* for the appellee.

There was no *laches* sufficient to bar prosecution. *Hayes* v. *Goode,* 7 Leigh, 452 ; *Anderson* v. *Burwell,* 6 Gratt. 405 ; *Crawford* v. *Patterson,* 11 Gratt. 364 ; *Tazewell* v. *Saunders,* 13 Gratt. 354 ; *Cole* v. *Ballard,* 78 Va. 139 ; *Updike* v. *Lane,* Id. 132. Interest was properly charged. *Jones* v. *Williams,* 2 Call. 103, 106 ; *Arden* v. *Arden,* 1 Johns Ch. 312 ; *Philips* v. *Williams,* 5 Gratt. 264 ; *Mickie* v. *Wood,* 5 Rand. (Va.) 573 ; *Woodward* v. *Woodward,* 2 Rich. Eq. 29 ; *Davis* v. *Walsh,* 2 Har. &. J. 329 ; *Chase's Case,* 1 Bland, 206, 232 ; *Irby* v. *McCrae,* 4 Desaus. Eq. 422, 433 ; *Keith* v. *Trapier,* 2 Bailey Eq. 64.

HINTON, J., delivered the opinion of the court.

The first of the decrees appealed from recites the suggestion of the death of Robert Anderson, administrator *c. t. a.* of Elizabeth Macauley, and, upon the motion of Robert A. Bright, administrator *de bonis non* of Elizabeth Macauley, orders that said Bright be made party plaintiff to the suit, and that thenceforth the cause should be proceeded with in the name of said Bright as such administrator. The second of these decrees denies the petition of the Dismal Swamp Land Company for a rehearing, and directs the commissioner of the court to proceed to take and state the accounts which had been ordered to be taken by the decrees of May 16, 1844, and July 13, 1846, and make report to the court. And the third and last of the decrees appealed from, overruling all exceptions to Statement C returned with the report of Commissioner Morecock, adopts said statement, and decrees, in accordance therewith, against the appellant, for the sum of $19,610.09, with interest on $12,676.80, part thereof, from February 1, 1830, the date of the death of the said Elizabeth Macauley. This sum of $19,610.09, thus decreed in favor of the plaintiff, being the estimated one-third of the mesne profits received by the defendant company between the 1st day of

January, 1804, and the 1st day of February, 1830, to which Mrs. Macauley claimed to be entitled as dowress in an undivided moiety of a tract of land containing 8,000 acres, situated within the bounds of the Dismal Swamp. As appears by the record, this Statement C is but a corrected statement of the account returned by Commissioner Shields on the 9th day of November, 1844. The statement charges the appellant with $460.27 as the one-third of the annual profits derived from the land in question, and, in fixing upon the annual sum of $460.27, Commissioner Morecock merely followed the example of Commissioner Shields, and settled upon that sum as the yearly amount to be charged against the defendant, and to be allowed the administrator of Mrs. Macauley, because by the evidence that sum was fixed as one-third of the net profits of that part of the land in which she was entitled to dower, as the result of working up the timber thereon for the year 1817. A careful examination of the record, however, shows that no such evidence has been reported, and that it is almost absolutely certain that this sum was arrived at by taking one-third of the aggregate amount of three sums which the company received from S. Procter, which three sums, however, were not, as the dates at which they were received show, the result of the working of the timber for the year 1817, but more probably, as Dr. Butler explains, the result of prior contracts for working said land, which came to hand at the times stated. And yet it is upon this inaccurate and unauthorized statement of the evidence, as the counsel for defendant company well says, that the company has been charged with said sum for every year from 1804 to 1830, inclusive; utterly disregarding the fact that the said company was only chargeable with what it had received, and that the decree under which the commissioner acted required him to ascertain that and nothing more. Now, without undertaking to state the evidence, we think it is only necessary to say that, in the view which we take of the case, but two questions are raised for the decision of this court, and that each of them must be clearly resolved in favor of the appellant.

We think the circuit court did not err in reviewing and reinstating the cause on the docket. It is admitted that the cause was on the docket at May term, 1861, the last term of the circuit court held in the city of Williamsburgh before the war commenced, and that all the records of that court, except such as were, as was the case with this record, in the hands of attorneys, were destroyed. Upon the ascertainment of this fact, and in the absence of proof that it had been legally removed from the docket, the circuit court acted rightly in restoring the cause to the docket, and directing the proper accounts. It could not know in advance what would be the evidence, and therefore acted rightly in giving the plaintiff an opportunity to show that he was not precluded from making out his case by his *laches.*

But we also think that the court clearly erred, upon the coming in of the evidence, in not dismissing the bill, instead of decreeing against the appellant. That evidence plainly shows that any conclusion to which the court can arrive must be, at best, conjectural, and that the danger of doing injustice is almost, if not absolutely, certain. In such cases, courts of equity refuse to interfere, whatever may have been the original justice of the claim. Here, not only have the original transactions become obscure by time—and evidence has probably been lost—but there has been gross *laches* on the part of the plaintiff in the prosecution of his suit, which disentitles him to the aid of a court of equity. *Hayes* v. *Goode,* 7 Leigh, 487; *Harrison* v. *Gibson,* 23 Gratt. 212; *Hatcher* v. *Hall,* 77 Va. 573. For there is no excuse to be found in the record for the absolute failure to prosecute this cause with proper diligence, from Anderson's death, in January, 1859, to the order of revival, in December, 1881, a period of eighteen years, leaving out a period of five years for the war.

It follows that the decree of March 9, 1886, must be reversed, and that the bill must be dismissed.

DECREE REVERSED.